# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 09-20523
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH HARGROVE, JR; SHARON L. HILL,

Plaintiffs-Appellants

v.

BARCLAYS CAPITAL REAL ESTATE INC, doing business as Homeq Servicing;
MANN & STEVENS, P.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1617

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joseph Hargrove, Jr., and Sharon Hill appeal the district court's dismissal of their pro se civil complaint pursuant to Fed. R. Civ. P. 12(b)(6) and on res judicata grounds. In 2009, the appellants filed a pro se complaint seeking to quiet title on a piece of property that they own in Sugarland, Texas, and raising additional state and federal claims. Among the claims raised was that the defendants violated the Truth in Lending Act and the Fair Debt Collection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Practices Act. The appellants asserted that as a result of the defendants' wrongful action they were facing the wrongful foreclosure of their home.

The district court, however, concluded that the doctrine of res judicata applied to bar the appellants' federal claims because the appellants previously had filed a complaint in federal court in 2007 raising the same claims against the same defendants.

The appellants contend that the district court erred in dismissing their complaint on res judicata grounds because the parties to the 2007 and 2009 actions are not the same and because the 2007 judgment was void and the district court was without subject matter jurisdiction.

We review a district court's grant of a motion to dismiss under either Rule 12(b)(6) for failure to state a claim or on res judicata grounds de novo. *See Test Master Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 351 (5th Cir. 2003). Under res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted). A claim is barred by the doctrine of res judicata if the following four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.* (internal quotation marks and citation omitted).

The appellants challenge only the first and second requirements. Blue brief, 7-10. Accordingly, the other requirements will not be considered. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se litigants must brief arguments in order to preserve them).

The appellants assert that Barclays Capital Real Estate Inc., d/b/a Homeq Servicing and Securitized Asset Backed Receivables LLC, two of the defendants named in the instant complaint, were not named as defendants in the 2007 complaint. However, after a careful review of the record, we conclude that these entities were parties to the 2007 litigation. Thus, the identity-of-the-parties requirement of res judicata is satisfied.

Further, the appellants' contention that res judicata should not bar their claims because the 2007 judgment was void and because the district court lacked subject matter jurisdiction is unavailing. The appellants have failed to demonstrate that the 2007 judgment was not rendered by a court of competent jurisdiction.

Accordingly, the judgment of the district court is AFFIRMED.